(Reap. Dec. 9058)

Dan Brechner & Company v. United States

Entry No. 03215.

(Decided January 23, 1958)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*George Cochran Doub,* Assistant Attorney General (*Daniel I. Auster,* trial attorney), for the defendant.

Donlon, Judge: Plaintiff's counsel put in evidence the official papers and moved the incorporation of the record in *Dan Brechner* v.

*United States*, 36 Cust. Ct. 612, Reap. Dec. 8599, affirmed *id*. v. *id*., 38 Cust. Ct. 719, A. R. D. 71. The motion was granted. The prior *Brechner* record is, therefore, before the court as a part of this record, together with the official papers relating to this importation.

As in the incorporated *Brechner* case, plaintiff appealed to reappraisement, complaining that the appraiser erroneously included in dutiable value of the imported merchandise certain so-called export charges, including inland freight, storage, hauling and lighterage, insurance premium, and petties, all of which are charges that were incurred between the factory in Tokyo and the port of lading for export, which was Yokohama. These charges were not included in the values as originally entered, but were added under duress. Section 503 (b).

In the incorporated *Brechner* case, the merchandise was exported in June, July, and August 1950; basis of dutiable value of the merchandise was export value; the principal market in Japan, for that merchandise, was Tokyo; and the merchandise was offered for delivery at the factory in the principal market, at an *ex-factory* price. From the incorporated record and the official papers, it appears that this merchandise was exported during the month of July 1950; that the then principal market for such merchandise was Tokyo; that conditions basic to a finding of domestic value in Japan did not exist, but the conditions did exist basic to a finding of export value. Likewise, it appears that this merchandise was sold at an *ex-factory* (Tokyo) price, within the rule laid down in the incorporated *Brechner* case.

The sole issue is whether the so-called export charges were properly included in arriving at dutiable value, on the facts of record.

In the incorporated *Brechner* case, such charges were held not properly includable in dutiable value where the facts are that it was the practice to offer the merchandise for sale *ex factory*, the buyer for export, or his agent, having the responsibility from that point of effecting carriage out of the country. Inasmuch as (under those circumstances) such charges arise after the goods leave the principal market, they are not an expense incurred in the principal market incident to placing the merchandise in a condition, packed, ready for shipment to the United States.

Accordingly, I make the following findings of fact:

1. That the entry merchandise was exported from Japan in July 1950.

2. That, at the time of exportation, merchandise such as or similar to the entry merchandise, was not freely offered in Japan for sale to all purchasers for home consumption.

3. That Tokyo and its environs were the principal market in Japan in which such or similar merchandise was, at the time of exportation, freely offered for sale for exportation to the United States.

4. That, at the time of exportation, the price at which merchandise such as or similar to the entry merchandise was freely offered for sale to all purchasers in the principal market in Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, was an *ex-factory* price in the principal market, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, and that this price is the entered and appraised value, less, however, the invoiced amounts, where they appear, for charges incurred after the merchandise left the principal market, that is, inland freight, storage, hauling and lighterage, insurance premium, and petties.

I conclude as a matter of law:

1. That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis of value for the entry merchandise.

2. That such value is the entered and appraised value, less the invoiced amounts, where they appear on the invoice, for inland freight, storage, hauling and lighterage, insurance premium, and petties.

Judgment will be entered accordingly.